J-A14031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNA MARIE KRUPP, | |
| Appellant | No. 2892 EDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000407-2015

BEFORE:  BENDER, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **Filed August 4, 2017**

Appellant, Donna Marie Krupp, appeals from the judgment of sentence entered on April 14, 2016, in the Montgomery County Court of Common Pleas.  We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

> [Appellant] intentionally set fire to the home of her next door neighbors, the Morris family, in the early morning hours of December 4, 2014, by using a lighter with an extended wand and newspaper to ignite Christmas decorations on the front porch of the home. The fire destroyed the home, which was located at 71 Commons Drive in Pottstown, Montgomery County.
>
> The Morris family – Limerick Township Police Detective Ernie Morris, his wife and their two minor daughters – were on vacation in Florida at the time of the fire.  The family's cat perished in the blaze.

[Appellant] set the fire after learning on December 2, 2014, that her son would not be released from jail that day. Her son had been incarcerated since June 2014, following his apprehension on an active arrest warrant for fleeing from police and consequent detention for allegedly violating his existing probation. [Appellant] blamed Detective Morris, and law enforcement in general, for her son's ongoing contacts with the criminal justice system. She had a well-known disdain for law enforcement officials and believed a tip from Detective Morris was the reason her son had been located and arrested on the active warrant.[2]

[2] When police arrived at [Appellant's] house to apprehend her son following the tip from Detective Morris, she initially refused them entry. Her son eventually was found hiding under her bed. (N.T., 11/18/15, p. 43)

Prior to the fire, and because of an on-going pattern of harassing behavior by [Appellant] toward the Morris family due to Detective Morris' status as a police officer, the family had a video surveillance system installed around the perimeter of their home. The system became operational shortly before the Morris family left in late November 2014 for a two-week trip to Disney World.

Surveillance video from the time of the fire captured a person matching [Appellant's] physical characteristics approaching the Morris home from the direction of [Appellant's] house. The person set the fire and left the scene, going back in the direction of [Appellant's] house.

Later on the same day as the fire, law enforcement personnel who had watched the surveillance footage came to believe the person seen in the video matched [Appellant], whom they had observed outside her house at various times during the course of the fire investigation. [Appellant] agreed to speak with police and, after being driven to the station by her husband, gave a statement in which she denied any ill-feelings toward the Morrises and any responsibility for the fire. (N.T., 11/19/15, pp. 42-51; Exh. C-32)

A search of [Appellant's] house, conducted pursuant to a warrant, revealed, *inter alia*, two extended wand lighters and

clothing, including a grey XXL hooded sweatshirt, that appeared to match items worn by the person seen in the surveillance video. Analysis of particles found on the sweatshirt tested positive for the presence of amorphous carbon, also known as soot or ash, which generally is consistent with a material that has been subjected to high heat. (N.T. 11/18/15, pp. 174; 179-180)

[Appellant] was arrested on December 5, 2014, and later charged in an Information with four counts of arson-related offenses,[3] one count of causing a catastrophe,[4] one count of reckless burning or exploding,[5] three counts of criminal mischief,[6] one count of failure to control or report a dangerous fire,[7] one count of possession of an instrument of crime,[8] two counts of recklessly endangering another person[9] and one count of cruelty to animals.[10]

[3] 18 Pa.C.S. §§ 3301(a)(1)(i); 3301(c)(2); 3301(d)(2); 3301(a)(1)(ii).

[4] 18 Pa.C.S. § 3302(a).

[5] 18 Pa.C.S. § 3301(d)(1).

[6] 18 Pa.C.S. §§ 3304(a)(1); 3304(a)(2); 3304(a)(5).

[7] 18 Pa.C.S. § 3301(e)(2).

[8] 18 Pa.C.S. § 907(a).

[9] 18 Pa.C.S. § 2705.

[10] 18 Pa.C.S. § 5511(a)(2.1)(i)(a).

After a trial, at which [Appellant] testified, the jury found her guilty of all charges.[11] This court later sentenced her to serve 5 to 10 years in prison for the arson offense charged under Section 3301(a)(1)(i), a consecutive term of 5 to 10 years in prison for the causing a catastrophe offense and 5 years of consecutive probation for the cruelty to animals offense.[12] [Appellant] also was ordered to pay restitution and to have no contact with the Morris family.

> [11] The Commonwealth withdrew at trial one of the charges of recklessly endangering another person.

> [12] This court imposed no penalty on the possession of an instrument of crime offense and all of the other offenses merged for purposes of sentencing.

> [Appellant], through trial counsel, filed a timely post-sentence motion. This court subsequently granted trial counsel's petition to withdraw and appointed new counsel to represent [Appellant]. Appointed counsel filed two amended post-sentence motions. This court denied all of the post-sentence motions[13] and [Appellant] filed a notice of appeal. She subsequently complied, through counsel, with this court's directive that she produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

> [13] During the pendency of the post-sentence motions, the Commonwealth informed this court of an error with regard to the sentence imposed for the cruelty to animals offense. This court, as part of the order denying [Appellant's] post-sentence motions, corrected the sentence for that offense from 5 years of consecutive probation to 2 years of consecutive probation.

Trial Court Opinion, 11/2/16, at 1-4 (footnote one omitted).

On appeal, Appellant presents the following issue for this Court's consideration:

> Whether the trial court abused its discretion/or commited [sic] an error of law in allowing testimony from various witnesses of approximately 24 instances of "bad acts" or "motive" testimony in violaton [sic] of Pa. Rule of Evidence 404 when such testimony is allowed "only if the probative value of the evidence outweighs its potential for unfair prejudice."

Appellant's Brief at 5 (full capitalization omitted).

Appellant's issue challenges the admissibility of evidence. Our standard of review is as follows:

- 4 -

The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Witmayer*, 144 A.3d 939, 949 (Pa. Super. 2016) (citation omitted).

Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts to prove her character or demonstrate that on a particular occasion she acted in accordance with the character. Pa.R.E. 404(b)(1). Nevertheless, the Rule further provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

Appellant avers that on twenty-four separate occasions during trial, the Commonwealth elicited testimony of prior bad acts in violation of Pa.R.E. 404(b). Appellant's Brief at 17. However, as the trial court pointed out, Appellant failed to specify which testimony constituted the alleged twenty-four instances in her Pa.R.A.P. 1925(b) statement. Trial Court Opinion, 11/2/16, at 11. Indeed, the relevant portion of Appellant's Pa.R.A.P. 1925(b) statement provides only as follows:

- 5 -

Whether this Honorable Court committed an error of law and/or abused its discretion in allowing, over [Appellant's] objection, testimony from various witnesses of approximately 24 instances of "bad acts" or "motive" testimony in violation of Pennsylvania Rule of Evidence 404 when such testimony is allowed "only if the probative value of the evidence outweighs its potential of unfair prejudice."

Pa.R.A.P. 1925(b) Statement, 9/2/16, at ¶3. The trial court opined that Appellant's Pa.R.A.P. 1925(b) statement was deficient and that the trial court should not be required to guess what issues an appellant is raising. Trial Court Opinion, 11/2/16, at 11. We agree with the trial court.

It is well settled that:

any issues not raised in a Rule 1925(b) Statement will be deemed waived. ***Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775, 780 (2005) (citation and quotation omitted). ***See also*** Pa.R.A.P. 1925(b)(4)(ii) (The 1925(b) Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge).

***Commonwealth v. Wanner***, 158 A.3d 714, 717 (Pa. Super. 2017) (internal quotation marks omitted). Because Appellant failed to include her issues on appeal in her Pa.R.A.P. 1925(b) statement, we conclude that Appellant failed to preserve her issues on appeal, and her challenges to the admissibility of prior bad-acts-testimony are waived.[1]

_____

[1] Appellant admits that while she did not raise her claims of error in her Pa.R.A.P. 1925(b) statement, she presented her challenges to the twenty-four instances of prior bad acts testimony by raising them in her Amended Post Sentence Appeal and Motion in Arrest of Judgment, filed on August 9, 2016. Appellant's Brief at 20. Appellant argues that had she included the
*(Footnote Continued Next Page)*

Assuming for the sake of argument that Appellant had properly preserved her claims of error, we note that in its opinion, the trial court provided an alternative rationale for concluding that Appellant was entitled to no relief. The trial court explained:

> In any event, the Commonwealth presented testimony from certain witnesses regarding [Appellant's] animus toward Detective Morris based on his position as a police officer and his conduct as it related to [Appellant's] son. Pennsylvania Rule of Evidence 404(b)(1) generally prohibits the Commonwealth from offering evidence of a defendant's "prior crime, wrong or other act to prove her character in order to show that on a particular occasion she acted in accordance with the character." *Id*. An exception to the general rule permits the admission of such evidence, however, to prove, *inter alia*, motive and intent, so long as the probative value of the evidence outweighs its potential for unfair prejudice to the defendant. Pa.R.Evid. 404(b)(2).
>
> The challenged evidence presented by the Commonwealth was highly relevant to [Appellant's] motive and intent, and that relevance substantially outweighed any potential prejudice. Moreover, this court gave a limiting instruction during its closing charge, directing the jury that the evidence was offered only for the purpose of tending to show motive or intent and that it could not be considered for any other purpose. (N.T., 11/20/15, p. 76)

*(Footnote Continued)* ————————

specific instances of prior bad acts in her Pa.R.A.P. 1925(b) statement, it would not have been a "concise" statement. Appellant's Brief at 20. Further, she asserts that a review of all the pleadings in this matter "would have revealed a sufficiently clear and detailed statement of what … Appellant … was complaining of." ***Id***. Appellant, however, cites no caselaw to support her position, and we are aware of no authority that requires a trial court to scour the record and look beyond the Pa.R.A.P. 1925(b) statement in order to find and address issues that an appellant might wish to raise on appeal. Accordingly, there is no merit to Appellant's argument that she was somehow absolved of the requirements of Pa.R.A.P. 1925(b) because, in her estimation, it may have been lengthy or her issues were raised elsewhere in the record.

"It is well established that a jury is presumed to follow a court's instructions." *See, e.g., Commonwealth v. Travaglia,* 28 A.3d 868, 882 (Pa. 2011). [Appellant], therefore, cannot succeed on her claim related to certain witnesses being permitted to testify about an approximate number of bad acts and motive.

Trial Court Opinion, 11/2/16, at 11-12.

We agree with this analysis as an alternate basis upon which to affirm Appellant's judgment of sentence. Had Appellant properly preserved her issues on appeal, we would have concluded that the challenged prior-bad-acts testimony was more probative than prejudicial and properly admitted as an exception to Pa.R.E. 404 as evidence of Appellant's motive.

Finally, we are constrained to point out another item concerning issue preservation. As noted above, Appellant's judgment of sentence was entered on April 14, 2016. Appellant's trial counsel filed a timely post-sentence motion on April 20, 2016; however, this motion made no mention of prior bad acts under Pa.R.E. 404(b). Trial counsel subsequently moved to withdraw. Motion, 4/27/16. In an order filed on May 4, 2016, the trial court scheduled a hearing for May 31, 2016, to consider the motion to withdraw. On May 31, 2016, the trial court granted the motion to withdraw, and it appointed the Public Defender to represent Appellant. On June 4, 2016, the Public Defender was permitted to withdraw due to a conflict, and the trial court appointed current counsel, Attorney Colin Hannings, to represent Appellant in her pending post-sentence motion and on appeal.

On August 9, 2016, Attorney Hannings filed an amended post-sentence motion for reconsideration of sentence. The record does not reflect that Appellant sought, nor did the trial court grant, leave to file this amended post-sentence motion; thus, this motion appears facially untimely as post-sentence motions were due on or before April 24, 2016.[2] Pa.R.Crim.P. 720(A).

On August 9, 2016, Attorney Hannings also filed a document entitled, "Amended Post Sentence Appeal and Motion in Arrest of Judgment." In this additional post-sentence motion, Appellant refers to more than thirty instances where prior bad acts testimony was allegedly admitted. Amended Post Sentence Appeal and Motion in Arrest of Judgment, 8/9/16, at ¶¶ 10-22. Again, there is no order in the record revealing that the trial court permitted this "amended" filing. However, even if we assume that the trial court accepted these amended post-sentence motions, we note that Appellant's trial counsel did not object to any testimony on the basis that it was improper evidence of prior bad acts. While Appellant references thirty-seven pages where alleged prior bad acts testimony was admitted, after review of those pages, we discovered only two objections. Notably, in those

_____

[2] The record reflects that the trial court scheduled a hearing for May 31, 2016, regarding trial counsel's motion to withdraw. Order, 5/4/16. Indeed, it is possible that at that hearing the trial court permitted newly appointed counsel to file amended post-sentence motions. However, the notes of testimony from that hearing are not in the record certified to this Court on appeal.

objections, which appear at N.T., 11/17/15, at 180 and 208, counsel did not challenge the witnesses' testimony on the basis of prior bad acts. Thus, even if the amended post-sentence motions were accepted as timely, and if these issues were properly preserved in a Pa.R.A.P. 1925(b) statement, we would deem the issues waived due to Appellant's failure to preserve the alleged errors at trial by failing to raise timely and specific objections. *See Commonwealth v. Sauers*, 159 A.3d 1, 9 (Pa. Super. 2017) (stating that the failure to offer a timely and specific objection results in waiver of the claim).

For the reasons set forth above, we conclude that Appellant has failed to preserve her challenges to the alleged prior-bad-acts testimony. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017

- 10 -